A. WILMOT DALFERES, Judge ad hoc.
The plaintiff, BLAINE KERN ARTISTS, INC., is a domestic corporation domiciled in the Parish of Orleans, Louisiana, and likewise is the defendant, KREWE OF GEMINI, INC.
The First City Court of New Orleans rendered a judgment in favor of plaintiff. The defendant has appealed.
Plaintiff alleges that a written contract was entered into between the two corporations for fifteen (IS) floats at a price of $225.00 each, as well as a verbal contract for other services. There is no dispute as to the authority of the representatives to bind the corporations.
Subsequent to the signing of the written contract, it was mutually agreed and noted at the bottom of the said written contract that the number of floats contracted for could be reduced from fifteen (IS) to twelve (12). In addition, due to difficulties encountered by the defendant, the plaintiff further reduced the unit price to $200.00 *163 and acknowledged such reduction in his testimony.
Plaintiff claims an obligation for twelve (12) floats at $200.00 each, $2,400.00, and the following extras:
Trucks and drivers, $385.00; property wagon, $205.00; ferryage, $30.00; jacks and wrecker service on a breakdown, $20.00; title sign, $45.00; and personal services, $50.00.
Of this amount, plaintiff alleges that $735.-00 is still due and owing.
Defendant maintains that it paid a total of $2,915.00, of which amount $215.00 was for an insurance policy which plays no part in this claim, thereby leaving a net alleged payment of $2,700.00.
The main differences existing between the litigants are:
(1) Plaintiff claims remuneration for twelve (12) floats at $200.00 each; whereas defendant maintains it owes for only ten (10) floats at $200.00.
(2) Plaintiff enumerates $385.00 for trucks and drivers; whereas defendant maintains that it should be only $175.00.
(3) Plaintiff enumerates $205.00 for a property wagon; whereas, defendant denies this charge.
(4) Plaintiff enumerates $30.00 for ferry-age ; whereas, defendant maintains that this charge is included in the $175.00 for trucks and drivers.
(5) Plaintiff enumerates $20.00 for wrecker service on a breakdown; whereas, it appears that defendant does not contest this item seriously.
(6) Plaintiff enumerates a title sign $45.00; whereas, defendant denies this charge and maintains that all signs were paid for by a $60.00 check made to Blaine Kern’s father, a painter.
(7)Plaintiff enumerates an additional charge of $50.00 for the services of Blaine Kern for special .supervisory duties performed; whereas, defendant denies this charge.
It was stipulated by counsel for plaintiff and defendant that $2,300.00 was paid to plaintiff by defendant. In addition, plaintiff admits receiving $350.00 for the services of bands which were not secured, but the check was cashed by plaintiff; further, there is no question that there was $50.00 in currency included in a $500.00 deposit made to plaintiff’s account by defendant on September 26, 1961. The $450.-00 check on this deposit has been previously stipulated. There is no question about the $215.00 insurance check which plays no part in this controversy.
The lower court did not render written reasons for judgment in its allowance of $340.00 to plaintiff. It appears that from plaintiff’s itemization of $3,135.00, there was subtracted the $2,700.00 paid plaintiff (which includes the $350.00 for the band), leaving a balance of $435.00. It further appears, that from this $435.00 the lower court denied recovery by plaintiff on the $45.00 for the title sign and the $50.00 for the additional services of Blaine Kern, thereby arriving at the judgment figure of $340.00.
From a reading of the entire record, the court is of the opinion that there is no manifest error in the decision of the lower court and that the judgment of the lower court should not be disturbed. Powell v. Travelers Insurance Company, La.App., 117 So.2d 610 (1960) and Hatten v. Olin Mathieson Chemical Corporation, La.App., 112 So.2d 135 (1959).
The findings of a trial judge are entitled to great weight when issues of fact only are involved as in this case. Judgment affirmed.